PER CURIAM.
This is an appeal from a declaratory judgment entered pursuant to Chapter 86, F.S.1973, determining that the appellee county court judges have inherent authority to require or permit the installment payment of fines assessed in criminal cases and to require the clerk to accept payments made in that fashion. Since entry of the final judgment, § 775.083(2), F.S.1973 (1974 Supp.), became effective to permit payment of a fine in installments when the convicted defendant cannot otherwise pay. The appeal is therefore moot. See Pearson v. Conley, 158 So.2d 797 (Fla.App. 3rd, 1963) and Northeast Polk County Hospital Dist. v. Snively, 162 So.2d 657 (Fla.1964).
Because of the necessity to dismiss this appeal, we do not reach the substantial question of whether, in the absence of a direct order by one of the appellee county court judges to the appellant clerk to receive fines paid in installments, there was a justiciable controversy which might appropriately have been resolved by a declaratory judgment pursuant to Chapter 86, F. S. Neither do we regard it appropriate to retain jurisdiction of this appeal to consider and decide the more general question of whether judges have inherent power to order clerks to perform ministerial tasks which are neither prohibited nor compelled, by law, and to enforce compliance by con *581 tempt proceedings. The judgment below is not precedent for such a decision, and we will not anticipate such a controversy. The appeal is
Dismissed.
McCORD, Acting C. J., and MILLS and SMITH, JJ., concur.